# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS A. ROSARIO, Jr., : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-2170 |
| : | |
| READING HOSPITAL, *et al.*, : | |
|     Defendants. : | |

FILED
JUN 13 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                           JUNE 13, 2019

Carlos A. Rosario, Jr., a prisoner currently incarcerated at SCI Camp Hill, filed this *pro se* civil rights action under 42 U.S.C. § 1983 naming as Defendants Reading Hospital, Troopers Gary A. Williard, Jr., Jordan R. Hoffman, Keith Verbilla, and Brian Roland (collectively "the Trooper Defendants"), and "Magistrait [sic] Ann L. Young." Rosario also seeks leave to proceed *in forma pauperis*. For the following reasons, Rosario will be granted leave to proceed *in forma pauperis* and the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS

Rosario's Complaint is quite brief. He alleges that the Reading Hospital records department, in conjunction with Magistrate Young and the Trooper Defendants violated his Fourth Amendment rights by releasing his medical records protected by "the United States HIPPA law . . . without following the proper chains of custody through the Right to Know Law specialist." (ECF No. 2 at 6.)[1] He further asserts that Reading Hospital turned over his records without a search warrant. (*Id.*) Finally, he contends that "[a]s a result of the illegally obtained

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

medical records [he] has suffered incarceration for a crime he did not commit." (*Id.*) He seeks a declaration that the records were obtained illegally and money damages. (*Id.* at 8-9.) Rosario has attached to his Complaint a copy of a search warrant for which Defendant Williard was the affiant, signed by Defendant Young in her judicial capacity. (ECF No. 2 at 10.) The warrant authorized a physical examination of Rosario's person, including photography, the taking of buccal DNA swabs, and the seizure of his shoes. (*Id.*)

A search of public records shows that Rosario entered a plea of guilty in the Berks County Court of Common Pleas on January 18, 2019 to charges of homicide by vehicle, driving under the influence, receiving stolen property, and conspiracy to receive stolen property. *Commonwealth v. Rosario*, CP-06-CR-2384-2018 (CCP Berks). He was sentenced on January 25, 2019 to a term of 4 to 10 years imprisonment. Prior to the entry of his plea, on October 16, 2018 Rosario filed an omnibus pretrial motion. (*Id.*) On May 6, 2019, Rosario filed a motion for post-conviction collateral relief and he was appointed counsel. (*Id.*) The docket reflects that his PCRA petition remains pending.

## II. STANDARD OF REVIEW

The Court grants Rosario leave to proceed *in forma pauperis* because it appears he is unable to prepay the filing fee.[2] Because Rosario is granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the AC and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

---

[2] However, as Rosario is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Reading Hospital

Rosario has sued Reading Hospital because it allegedly turned over medical records to the authorities. While it is not entirely clear whether the claims against Reading Hospital are premised upon a violation of HIPAA or a violation of Rosario's civil rights, under either scenario the claim is implausible and must be dismissed pursuant to § 1915(e)(2)(B)(ii).

To the extent Rosario's reference "the United States H.I.P.P.A. Law," alleges a violation of the Health Insurance Portability and Accountability Act ("HIPAA"), his claim is implausible

3

because HIPAA does not provide a private cause of action. *See e.g., Robinson v. Hospital*, Civ. A. No. 18-989, 2018 WL 6179001, at *3 (M.D. Pa. Nov. 27, 2018); *Newsuan v. Colon*, Civ. A. No. 13-1199, 2013 WL 3989076, at *3 (E.D. Pa. Aug. 5, 2013); *Rigaud v. Garofalo*, Civ. A. No. 04-1866, 2005 WL 1030196, at *2-3 (E.D. Pa. May 2, 2005). "[T]he existence of a private cause of action is a 'prerequisite for finding federal question jurisdiction.'" *Rigaud*, 2005 WL 1030196, at *2 (quoting *Stephen v. High Voltage Maint. Co.*, 323 F. Supp. 2d 650, 653 (E.D. Pa. 2004)). Because the Court lacks subject-matter jurisdiction over Rosario's HIPAA claim, and cannot provide him with any relief, his HIPAA claim will be dismissed with prejudice.

To the extent that Rosario has sued Reading Hospital for violating his civil rights, the claim is implausible because there is no allegation that Reading Hospital is a "state actor" subject to liability under § 1983. Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Rosario has not alleged facts to support a plausible conclusion that Reading Hospital meets any of these tests. Furthermore, while private entities may "be liable under § 1983 if they

4

have conspired with or engaged in joint activity with state actors," *Farrar v. McNesby*, 639 F. App'x 903, 906 (3d Cir. 2016) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)), the mere furnishing of information to police officers does not constitute joint action under color of state law, thereby rendering a private entity liable under § 1983. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983). Accordingly, the § 1983 claim against Reading Hospital is also dismissed with prejudice.

## B. Claims against Magistrate Young

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). The search warrant attached by Rosario to his Complaint establishes that Magistrate Young was acting within her judicial capacity. Accordingly, she is entitled to absolute immunity and the claims against her must be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii).

## C. Claims Against the Trooper Defendants

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The elements of a § 1983 claim for unreasonable search and seizure are (1) the

5

actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989). Rosario's Complaint, read liberally, asserts that hospital records were "seized," and the Fourth Amendment has been applied to investigatory searches of medical records in the possession of third parties. *Doe v. Broderick*, 225 F.3d 440, 443-45 (4th Cir. 2000); *see also Ferguson v. City of Charleston*, 532 U.S. 67, 78 (2001) ("The reasonable expectation of privacy enjoyed by the typical patient undergoing diagnostic tests in a hospital is that the results of those tests will not be shared with nonmedical personnel without her consent."). However, Rosario failed to provide enough factual information about the contents of the records he claims the Trooper Defendants improperly obtained, the circumstanced under which this occurred, or the manner in which the seizure took place to establish a plausible claim. For example, Rosario asserts that the Trooper Defendants failed to follow "the proper chains of custody through the Right to Know Law specialist." (ECF No. 2 at 6.) Pennsylvania's Right to Know Law, as known as the Open Records Law, requires that a record in possession of a Commonwealth or local agency be presumed to be a public record. 65 Pa. C.S. § 67.305. It is unclear how the Trooper Defendants' actions to secure medical records from Reading Hospital implicated the Right to Know Law since Reading Hospital does not appear to be covered by the law and Rosario's medical records are not public records. *See* § 67.102 (defining "public record" as a record of a Commonwealth or local agency and enumerating which agencies are subject to the law). Finally, Rosario does not specifically state which of the Trooper Defendants engaged in this activity, only that they acted "in conjunction with" Reading Hospital and Magistrate Young.

6

Accordingly, Rosario's claims against the Trooper Defendants fail to comply with Rule 8 and will be dismissed. The dismissal will be without prejudice and Rosario will be granted leave to file an amended complaint, as detailed in the accompanying Order, to attempt to cure the defects in these claims. Should he choose to file an amended complaint, Rosario should attempt to state facts with as much specificity as possible to provide enough information to put the Trooper Defendants on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.

## IV.   CONCLUSION

For the reasons stated, Rosario's claims against Reading Hospital and Magistrate Young are dismissed with prejudice. His claims against the Trooper Defendants are dismissed without prejudice and with leave granted to Rosario to file an amended complaint within thirty (30) days if he is able to cure the defects identified by the Court. An appropriate Order will be entered.

**BY THE COURT:**

_____
JUAN R. SANCHEZ, C.J.