IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS A. ROSARIO, Jr., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2170 |
| | : | |
| READING HOSPITAL, *et al.*, | : | |
| Defendants. | : | |

FILED
JUN 13 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 13th day of June, 2019, upon consideration of Plaintiff Carlos A. Rosario, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 5), his Prisoner Trust Fund Account Statement (ECF No. 6), and his *pro se* Complaint (ECF No. 2), which raises claims under 42 U.S.C. § 1983, it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Carlos A. Rosario, Jr., #NS5046, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court hereby directs the Warden of SCI Camp Hill or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Rosario's inmate account; or (b) the average monthly balance in Rosario's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Rosario's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income

credited to Rosario's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this order to the Warden of SCI Camp Hill.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED with prejudice** as to all claims asserted against Defendants Reading Hospital and Magistrait Ann L. Young pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

6. The Complaint is **DISMISSED without prejudice** as to all claims asserted against Defendants Trooper Gary A. Williard, Jr., Trooper Jordon R. Hoffman, Trooper Keith Verbilla, and Trooper Brian Roland pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

7. Rosario is given thirty (30) days to file an amended complaint. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Rosario's claims against each defendant. Rosario should provide enough information for the Court to understand what happened to him and how each named Defendant acted to cause him injury. When drafting his amended complaint, Rosario should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court shall send Rosario a blank copy of the Court's form complaint to be used by a prisoner filing a civil rights action bearing the above civil action number. Rosario may use this form to file his amended complaint in the instant case if he chooses to do so.

9. If Rosario fails to file an amended complaint in accordance with paragraph seven (7) of this Order, his case may be dismissed for failure to prosecute without further notice.

BY THE COURT:

_____
JUAN R. SÁNCHEZ, C.J.